IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL CASE NO. 3:18-CR-562-M |
| § | |
| GARY LYN BLACK § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On July 10, 2019, pursuant to the referral of the district judge, Doc. 21, a hearing was held on Defendant Gary Lynn Black's *Motion to Suppress Evidence*, Doc. 19. Defendant Black, proceeding *pro se* and with the assistance of stand-by counsel,[1] Assistant Federal Public Defender Stephen Green, announced ready to proceed. The Government, appearing by and through Assistant United States Attorney Rebekah Ricketts, likewise announced ready.

Defendant Black seeks an order suppressing evidence seized during the search of 3501 Windy Lane, Alvarado, Texas. Doc. 19, *passim*. He avers that the search was pursuant to a search warrant and resulted in the seizure of "drugs, [a] shotgun and cash." Doc. 19 at 1-2.

**A. Factual Findings**

Based on the testimony of the sole witness, Task Force Officer Tim Cortez, and relevant pleadings in this case, the Court makes the following factual findings:

1. Warrants for the arrest of Defendant Black were outstanding from January 2018 to May 10, 2018.

---

[1] Chief Judge Lynn also referred Defendant Black's *Motion to Proceed Pro Se*, Doc. 20, filed June 27, 2019. After being admonished by the Court on the record regarding the pitfalls of self-representation, Defendant Black persisted in his request to represent himself, which was ultimately granted. Immediately upon the conclusion of the hearing on his *pro se Motion to Suppress*, however, Defendant Black requested to again be represented by counsel, and the Federal Public Defender was reinstated as counsel of record.

2. During that period, law enforcement officials conducted a covert investigation of Defendant Black with the knowledge that Defendant Black had outstanding arrest warrants, but did not arrest Defendant Black.

3. A state search warrant was obtained for the location of 3501 Windy Lane, Alvarado, Texas, at some time prior to May 10, 2018.

4. On May 10, 2018, Defendant Black was arrested and transported to the Windy Lane location, and the search warrant was executed.

5. Items of evidentiary value were seized during the execution of the search warrant.

**B. Analysis**

Defendant Black argues that the evidence should be suppressed in this because it was seized in violation of Texas law. Specifically, he cites Article 38.23 of the Texas Code of Criminal Procedure, which provides:

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West). Doc. 19 at 4. He also contends that the law enforcement officials who continued to investigate him, rather than arrest him on the outstanding warrants, violated Article 2.18 of the Texas Code of Criminal Procedure, which provides, in pertinent part, that "[w]hen a prisoner is committed to jail by a warrant from a magistrate or court, he shall be placed in jail by the sheriff."

Defendant Black's reliance on Texas statutory authority is misplaced. Even though the search warrant executed on the Windy Lane location was issued by a state judge and executed by state law officials, Defendant Black in seeking to exclude evidence in this *federal* criminal case. He has not proffered, nor has the Court found, any legal authority in support of the proposition that state law, specifically Article 2.18 and Article 38. 23 of the Texas Code of Criminal Procedure, is applicable.

That notwithstanding, Article 2.18 of the Texas Criminal Procedure does not mandate that a law enforcement officer immediately arrest a person who he or she knows has an outstanding warrant. Article 2.18 only requires that a state sheriff jail any individual committed to custody pursuant to a warrant issued by a judicial officer. And while Article 2.18 defines a Texas *sheriff's* responsibilities in regard to an individual arrested pursuant to a judicial warrant, it does not also obligate a law enforcement officer to immediately effectuate the arrest of an individual pursuant to a warrant. Nor is there any legal authority from which the Court can conclude that a violation of Article 2.18 can ever operate to exclude the admission of evidence at a criminal trial.

Moreover, Article 38.23 specifically excepts from its exclusionary provisions evidence that is "obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause." TEX. CODE CRIM. PROC. art. 38.23(b) (West). Thus, in a case like this one where the seizure complained of was pursuant to a probable cause search warrant issued by a state judge, Article 38.23 is wholly inapplicable.

Similarly, while federal law provides for the exclusion of evidence obtained in violation of the Fourth Amendment prohibition against unreasonable searches and seizures, *see Arizona v. Evans*, 514 U.S. 1, 10 (1995), the so-called "good faith exception" exempts from exclusion "evidence obtained in violation of the Fourth Amendment by officers acting in objectively reasonable reliance on a search warrant issued by a neutral and detached magistrate." *United States v. Leon*, 468 U.S. 897, 927 (1984) Here, Black has wholly failed to establish a legal or factual basis to disregard the good-faith exception and exclude the evidence obtained during the execution of a search warrant at the Windy Lane location. Specifically, he offered neither evidence nor argument that the officers seeking the search warrant under which the evidence in

3

question was subsequently seized, "were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *Id*. at 926. Consequently, the Court concludes that there is no basis to exclude evidence obtained as a result of the May 10, 2018 execution of a search warrant at the Windy Lane location.

### C. Conclusion

For the foregoing reasons, Defendant Gary Lynn Black's *pro se Motion to Suppress Evidence*, Doc. 19, should be **DENIED**.

**SO RECOMMENDED** on July 22, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See* Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).